## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## COLUMBUS DIVISION

| | | |
|---|---|---|
| DEBRA D. KLINGENSMITH, | * | |
| | * | |
| Claimant, | * | |
| | * | |
| v. | * | CASE NO.   4:06-CV-45 CDL-GMF |
| | * | |
| JO ANNE B. BARNHART, | * | |
| COMMISSIONER OF | * | |
| SOCIAL SECURITY, | * | |
| | * | |
| Respondent. | * | SOCIAL SECURITY APPEAL |
| _____ | * | |

## REPORT AND RECOMMENDATION

The Social Security Commissioner, by adoption of the Administrative Law Judge's determination, denied Claimant's application for social security disability benefits, finding that she was not disabled within the meaning of the Social Security Act and Regulations. Claimant contends that the Commissioner's decision was in error, and she seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c).   All administrative remedies have been exhausted.

## LEGAL STANDARDS

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied.  *Walker v. Bowen*, 826 F.2d 996 (11th Cir. 1987).  Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 91 S. Ct. 1420,

28 L. Ed. 2d 842 (1971).   The court's role in reviewing claims brought under the Social Security Act is a narrow one.   The court may not decide facts, reweigh evidence, nor substitute its judgment for that of the Commissioner.[1]   *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).  It must, however, decide if the Commissioner applied the proper standards in reaching a decision.  *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980).   The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings.   *Bloodsworth v. Heckler*, 703 F.2d at 1239.   However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id.*   The initial burden of establishing disability is on the claimant. *Kirkland v. Weinberger*, 480 F.2d 46 (5th Cir. 1973).   The claimant's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic.  *Oldham v. Schweiker*, 660 F.2d 1078 (5th Cir. 1981).

A claimant seeking Social Security disability benefits must demonstrate that she suffers from an impairment that prevents her from engaging in any substantial gainful activity for a twelve-month period.   42 U.S.C. § 423(d)(1).   In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a claimant must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act.  20 C.F.R. § 404.1 et seq.

---

[1] Credibility determinations are left to the Commissioner and not to the courts.  *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991).  It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence.  *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986).  See also *Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

Under the regulations, the Commissioner determines if a claimant is disabled by a five-step procedure. 20 C.F.R. § 404.1520, Appendix 1, Part 404. First, the Commissioner determines whether the claimant is working. Second, the Commissioner determines whether the claimant has an impairment which prevents the performance of basic work activities. Next, the Commissioner determines whether the claimant's impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the regulations. Fourth, the Commissioner determines whether the claimant's residual functional capacity can meet the physical and mental demands of past work. Finally, the Commissioner determines whether the claimant's residual functional capacity, age, education, and past work experience prevent the performance of any other work. In arriving at a decision, the Commissioner must consider the combined effect of all the alleged impairments, without regard to whether each, if considered separately, would be disabling. *Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984). The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal. *Id.*

## ISSUES

I.   **Whether the ALJ erred in failing to properly advise Claimant of her right to counsel.**

II.  **Whether the ALJ failed to fully and fairly develop the record.**

III. **Whether the ALJ erred in determining the Claimant's residual functional capacity.**

## Administrative Proceedings

Claimant filed an application for a period of disability, disability insurance benefits and supplemental security income on October 22, 2001. (R-58-61). Her application was denied initially and upon reconsideration. The Claimant then requested a hearing in front of an administrative law judge (ALJ) which was held on June 29, 2005. (R-266-279). Subsequent to the hearing, the ALJ found that the Claimant was not disabled in a decision dated October 19, 2005. (R-22-26). Claimant requested review of the ALJ's finding by the Appeals Council and on April 20, 2006, the Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner. (R-4-15).

## Statement of Facts and Evidence

The Claimant alleges she is disabled due to: stiff muscles; joint pain; low back, shoulder and neck pain; depression; anxiety and headaches. (R-23). After examining the medical records the ALJ determined that the claimant had post shoulder operation and tenosynovitis of the right hand, both of which were deemed severe within the meaning of the regulations. (R-23). The ALJ, however, found that her impairments were not severe enough to meet or equal any Listing. *Id.* Thereafter, the ALJ found that Claimant had the residual functional capacity to perform work at the light exertional level and that she would not be able to return to her past relevant work. (R- 15).

**I.     Did the ALJ err in failing to properly advise Claimant of her right to counsel**?

In her first enumeration of error, the Claimant argues that the ALJ committed reversible error when he failed to properly advise her of her right to counsel at the hearing

4

in this matter. (Claimant's Brief, p. 2).  Specifically, Claimant contends that the ALJ failed to inform Claimant that she had the option of procuring counsel at no cost to her and further failed to obtain a proper waiver of her right to counsel.  (R-6; p. 2).

"A Social Security claimant has a statutory right, which may be waived, to be represented by counsel at a hearing before an ALJ." *Brown v. Shalala*, 44 F.3d 931, 934 (11th Cir. 1995) (*citing Smith v. Schweiker*, 677 F.2d 826, 828 (11th Cir. 1982)).  Whether or not the plaintiff is represented, the ALJ has a duty to develop a full and fair record. *Brown*, 44 F.3d at 934.  If there has been a waiver of right to counsel at the administrative hearing before the ALJ, the claimant must show clear prejudice or unfairness caused by the lack of counsel in order to prove he was denied a full and fair hearing. *Kelley v. Heckle*, 761 F.2d 1538 (11th Cir. 1985).  If a claimant's right to counsel at the administrative hearing has not been waived, the hearing examiner's obligation to develop a full and fair record rises to a special duty.  This special duty requires, essentially, a record which shows that the claimant was not prejudiced by lack of counsel. In carrying out this duty, the ALJ must "scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts." *Brown,* 44 F.3d at 934, *quoting Smith*, 677 F.2d at 829.  A showing of prejudice must be made before it will be determined that the Claimant's rights of due process were violated to such a degree that the case should be remanded to the commissioner for reconsideration and further development of the record. *Brown*, 44 F.3d at 935.  This requires a showing that the ALJ did not have all of the relevant evidence before him in the record or that the ALJ did not consider all of the evidence in the record in reaching his decision. *Kelley*, 761 F2d at 1540.

5

In *Smith v. Schweiker*, an Eleventh Circuit Court of Appeals decision, held that it is not enough to notify a Claimant of her right to counsel, but must also "inform the claimant fully as to the possibility of free counsel and limitations on attorney fees to 25% of any eventual award." *Smith v. Schweiker,* 677 F.2d 826 (11th Cir. 1982); *citing Clark v. Schweiker*, 652 F.2d 399, 403 (5th Cir. 1981). The Court further stated that "[s]ince there is no indication that he was ever informed fully of his rights, we cannot presume that (claimant's) comment was the expression of his desire to represent himself, or that such a desire was the reason for his appearing pro se." *Id.*

A review of the transcript in the current case reveals the following exchange:

| | |
|---|---|
| ALJ: | This is June 29th, 2005.  We're in Columbus, Georgia.  We're here in the matter of Mrs. Debra Klingensmith.  Mrs. Klingensmith is present in the hearing room.  She is not represented, is that correct? |
| CLMT: | Yes, sir. |
| ALJ: | Mrs. Klingensmith, are you aware that you can be represented in these proceedings if you so choose? |
| CLMT: | Yes, sir. |
| ALJ: | Do you wanna proceed without a representative? |
| CLMT: | Yes, sir. |
| ALJ: | Why? |
| CLMT: | Because I have nothing to do but tell the truth about why I'm here. |
| ALJ: | All right.  The way the hearing is conducted is that you will be asked a series of questions concerning your application. ... |

(T-268).  Claimant contends, based on the transcript testimony that she was not properly advised of her right to counsel.  As stated *supra*, however, it is not enough that the ALJ failed to properly advise a claimant of her right to counsel.  A claimant must also establish that her due process rights were violated by showing that she was prejudiced by her lack of counsel. *Kelley v. Heckle*, 761 F.2d 1538 (11th Cir. 1985).

Here, the Claimant argues that she has shown that she was prejudiced by her lack of counsel where the ALJ failed to procure some of her medical records, thus creating an evidentiary gap in the establishment of her physical impairments. (R-6, p. 4). Specifically, Claimant contends that the ALJ's failure to obtain medical records from The Houston Clinic after the Claimant acknowledged their existence resulted in "unfairness and/or clear prejudice." *Id.*

Pursuant to the Regulations, the burden is on the claimant to show that she is disabled and, therefore, she is responsible for producing evidence to support her application. 20 C.F.R. § 416.912(a); 20 C.F.R. § 416.912(c); *Ellison v. Barnhart,* 355 F.3d 1272, 1276 (11th Cir. 2003). The Regulations, at 20 C.F.R. § 416.912(d), further state, however, that the Commissioner will "develop [the claimant's] complete medical history for at least the 12 months preceding the month in which [the claimant] file[s][the] application." In this case, during the hearing, the Claimant testified that she had undergone two rotator cuff surgeries and two wrist surgeries, in 2001 and 2002. (T-271). The ALJ then asked Claimant where the records from the 2002 surgery were. *Id.* The Claimant stated that she assumed that when she listed those records on the questionnaire regarding her impairments, that the records from the Hughston Clinic would be procured for her file. *Id.* The ALJ then proceeded to inform the Claimant that "[i]t doesn't work that way. You have to provide the medical records for your condition." *Id.* Later in the hearing, the Claimant states "I just came here to tell you the truth the best I know how and I take it upon you to let me know what I need to do for (sic) the Court." (T-276). The ALJ then responded by stating "[w]ell, I don't tell people what they

7

need to do."

It is obvious by the testimony in the hearing that the Claimant was not fully aware of the administrative procedures as to what was required of her, and that she was not made fully aware of her rights concerning counsel.  A reading of the ALJ's findings in this case mention nothing of Claimant's records from the Hughston Clinic and reveal no mention of attempting to obtain those records.

Finding that the Claimant was not properly advised of her right to counsel, the Claimant is not found to have knowingly waived that right.  As such, the ALJ's duty to develop a full and fair record became a special duty, requiring that the record to show that the Claimant was not prejudiced by the lack of waiver, thus requiring the ALJ to "scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts." *Brown,* 44 F.3d at 934, *quoting Smith*, 677 F.2d at 829.  The *Brown* Court further held that:

> In evaluating the necessity for a remand, we are guided by "whether the record reveals evidentiary gaps which result in unfairness or 'clear prejudice.'" The lack of medical and vocational documentation supporting an applicant's allegations of disability is undoubtedly prejudicial to a claim for benefits. We have no way of knowing whether the evidence missing from this case would sustain (Claimant's) contentions of her inability to work. In the absence of proof to the contrary, however, we must assume that it does lend credence to her allegations.

*Brown*, at 935, 936. After a thorough review of the record, it appears that the Claimant was prejudiced by the ALJ's failure to request relevant and timely medical records regarding the

Claimant's impairments.  Thus, there exists reason to remand this case to an ALJ for further review as to this issue.  Therefore, the  remaining issues as raised by the Claimant need not be addressed at this time.

**WHEREFORE**, it is the recommendation to the United States District Judge that this case be remanded to the Commissioner for further administrative action as set out above.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this recommendation with the United States District Judge to whom this case is assigned within ten (10) days after being served a copy of this Recommendation.

THIS the 9th day of November, 2006.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE

sWe